WWR#09265132

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA AT SOUTH BEND

| | |
|---|---|
| IN RE: | CASE NO.  11-32247 |
| JUDY L. WORTHINGTON | CHAPTER 13 |
| | JUDGE DEES |
| DEBTOR | |

RBS CITIZENS, N.A.'S
OBJECTION TO VALUATION
OF 2005 FORD TAURUS

Comes now RBS CITIZENS, N.A., a secured claimant in the above captioned Chapter 13 proceeding, and objects to valuation of its collateral: 2005 FORD TAURUS.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ John L. Day, Jr.
John L. Day, Jr., (KY-17328) (OH-0003734)
Attorney for Creditor
525 Vine Street, Suite 800
Cincinnati, OH 45202
513-723-2206
jday@weltman.com

**MEMORANDUM**

1. On September 24, 2007, Judy L. Worthington, Debtor, executed one Retail Installment Contract for the purchase of one 2005 FORD TAURUS. Copies of substantiating loan documentation and Certificate of Title are attached hereto and made a part hereof.

2. On June 4, 2011, Debtor filed a Chapter 13 petition with this Court proposing to pay RBS CITIZENS, N.A. $5,500.00 as a secured claim.

3. The total amount of RBS CITIZENS, N.A.'s claim is $8,717.60.

4. The value of a secured claim under 11 U.S.C. Section 506(a) and Section 1325(a)(5)(B)(ii) is the replacement or retail value of the collateral. <u>Associates Commercial Corp. v. Rash, 117 S.Ct. 1879 (1997)</u>.

5. Pursuant to the retail value as scheduled in the *N.A.D.A. Official Used Car Guide - Central Edition* as of the date of filing the appropriate secured claim of RBS CITIZENS, N.A. should be $8,925.00 prior to additions for miscellaneous equipment. As such, the true value of Creditor's allowed secured claim pursuant to 11 U.S.C. § 506(a) must be representative of the above referenced value of the 2005 FORD TAURUS.

6. Debtor's present Plan proposes to pay RBS CITIZENS, N.A. less than the value of all the collateral as a secured claim.

Wherefore, RBS CITIZENS, N.A. respectfully objects to the valuation of its collateral as proposed in the plan before the Court.

WELTMAN, WEINBERG & REIS CO., L.P.A.

<u>/s/ John L. Day, Jr.</u>
John L. Day, Jr., (KY-17328) (OH-0003734)
Attorney for Creditor
525 Vine Street, Suite 800
Cincinnati, Ohio 45202
513-723-2206
jday@weltman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Valuation has been served this JUNE 30, 2011 by regular mail or electronic mail upon the following:

JUDY L. WORTHINGTON
3454 E. Sundew Dr.
Rolling Prairie, IN 46371

Bradley J. Adamsky
916 Lincolnway
LaPorte, IN 46350

Debra L. Miller
P.O. Box 11550
South Bend, IN 46634

Office of the U. S. Trustee
100 East Wayne Street, Room 555
South Bend, IN  46601

/s/ John L. Day, Jr.
John L. Day, Jr., (KY-17328) (OH-0003734)

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller | Nielsen Ford L/M<br>1301 Pine lake Ave<br>Laporte In 46350 | Buyer | JUDY L WORTHINGTON<br>3454 E SUNDEW DR<br>ROLLING PRAIRIE IN 46371 |
|---|---|---|---|---|
| No.<br>Date 9/24/2007 | | "We" and "us" mean the Seller above, its successors and assigns. | | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2005 | VIN 1FAFP56S55A204098 | Other: |
|---|---|---|---|
| | Make FORD | Lic. No./Year | |
| | Model TAURUS | ☐ New ☒ Used | |

Description of Trade-In: 2004 FORD EXPLORER 1FMDU84K44ZA96907

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 18457.24, plus finance charges accruing on the unpaid balance at the rate of 8.69 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☒ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ 0 if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $500.00 |
|---|---|---|---|---|
| 8.69 % | $ 5378.36 | $ 18457.24 | $ 23835.60 | $ ~~24335.60~~ |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 331.05 | Beginning 11/08/2007 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☐ **Late Charge:** If a payment is more than _____ days late, you will be charged _____ 17.00

☐ This amount may change pursuant to Indiana Code §§ 24-4.5-1-106 and 24-4.5-2-203.5.
**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

JUDY L WORTHINGTON
Credit Life: Insured _____ 486.25 _____ Term _____ 72 Mths
☒ Single ☐ Joint Prem. $ _____
Credit Disability: Insured _____ N.A.
☐ Single ☐ Joint Prem. $ N.A. Term N.A.

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

*Judy Worthington* (d/o/b) Buyer _____ d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 500. If you get insurance from or through us you will pay $ N.A. for _____ of coverage.

This premium is calculated as follows:
☐ $ N.A. Deductible, Collision Coverage $ N.A.
☐ $ N.A. Deductible, Comprehensive Cov. $ N.A.
☐ Fire-Theft and Combined Additional Coverage $ N.A.
☐ _____ N.A. $ N.A.

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.
☒ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ 75.00 for 72 Mths of coverage.
☒ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ see warranty contract
This Service Contract will be in effect for 36 mths/60000 Miles.

| ASSIGNMENT: This Contract and Security Agreement is assigned to CITIZENS AUTOMOBILE FINANCE, INC, the Assignee, phone _____. This assignment is made ☐ under the terms of a separate agreement. ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse. Seller By *signature* Date 9/24/07 |

### ITEMIZATION OF AMOUNT FINANCED

| Vehicle Price (incl. sales tax of $ .00) | $ 15970.99 |
|---|---|
| Service Contract, Paid to: WESTERN | $ 2000.00 |
| Cash Price | $ 17970.99 |
| Manufacturer's Rebate $ .00 | |
| Cash Down Payment $ 500.00 | |
| Deferred Down Payment $ N.A. | |
| a. Total Cash/Rebate Down $ | 500.00 |
| b. Trade-In Allowance $ 22052.29 | |
| c. Less: Amount owing $ 22052.29 | |
| Paid to (includes f.): _____ | .00 |
| d. Net Trade-In (b. minus c.) $ | .00 |
| e. Net Cash/Trade-In (a. plus d.) $ | 500.00 |
| f. Amount to Finance line e. (if e. is negative) $ | N.A. |
| Down Payment (e.; disclose as $0 if negative) $ | 500.00 |
| Unpaid Balance of Cash Price $ | 17470.99 |
| Paid to Public Officials - Filing Fees $ | 15.00 |
| Insurance Premiums* $ | 486.25 |
| To: VSI/LSI $ | 75.00 |
| To: PROTECTIVE $ | 420.00 |
| To: N.A. $ | .00 |
| To: N.A. $ | .00 |
| Total Other Charges/Amounts Pd. to Others $ | 996.25 |
| Less: Prepaid Finance Charges $ | .00 |
| Amount Financed $ | 18457.24 |

*We may retain or receive a portion of this amount.

### NOTICE TO BUYER
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer: *Judy Worthington* Date 9/24/2007

Signature _____ Date
Seller By *signature*

INDIANA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
ExpereX © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-IN 5/7/2004
(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or purchase the Vehicle over time. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not agree to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale of state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**BALLOON PAYMENT:** If any payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees (for attorneys who are not our salaried employees), and fees for repossession, repair, storage and sale of the Property securing this Contract all without relief from valuation and appraisement laws. If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. This amount will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. This Assignment includes any right the Seller may have to a deduction or refund of state gross retail and use taxes. (SEPARATE AGREEMENT) If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. Title to the Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Seller, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment, notice of non-performance and notice of any remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.
WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

---

<strong>NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.</strong>

<strong>IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.</strong>

---

### THIRD PARTY AGREEMENT

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____  Date _____

---

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

**WARRANTY:** Warranty information is provided to you separately.

A. You must pay this Contract, even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

you owe us. Any amount we pay will be due immediately. This Contract. We will add the premium for this insurance to the amount could obtain if you purchased the property insurance required by this would choose. It may be written by a company other than one you Property. This insurance may include coverages not required of you. loss payee, we may obtain insurance to protect our interest in the If you fail to obtain or maintain this insurance, or name us as a in full force and effect until this Contract is paid in full. company reasonably acceptable to us. You will keep the insurance not cover the amounts you still owe us, you will pay the difference. replace the Property. You agree that if the insurance proceeds do payment before we allow insurance proceeds to be used to repair or to the Property, we may require additional security or assurances of us as loss payee on any such policy. In the event of loss or damage INSURANCE section, as we will otherwise require. You will name maximum deductible amount indicated in the PROPERTY protecting against loss and physical damage and subject to a

**INSURANCE:** You agree to buy property insurance on the Property has been dishonored.
$20.00 for each check, negotiable order of withdrawal or share draft you issue in connection with this Contract that is returned because it
**RETURNED CHECK CHARGE:** You agree to pay a fee of securing this Contract and taken into possession as provided above.
may take possession of personal property left in or on the Property You agree that, subject to your right to recover such property, we such other period of time as is required by law.
least 10 days before the date of the intended sale or transfer (or mailed to your last known address, as reflected in our records, at intended sale or transfer of the Property, notice is reasonable if You agree that if any notice is required to be given to you of an

it happens again.
remedy, we do not give up our right to consider the event a default if our right to later use another remedy. By deciding not to use any By choosing any one or more of these remedies, we do not waive you owe us.
amounts if the proceeds of a sale do not pay all of the additional
E. Except when prohibited by law, we may sue you for

# NADA Official Used Car Guide
## Friday, June 24, 2011

## Vehicle Summary NADA Values

| | | | |
|---|---|---|---|
| **Region:** | Central - June 2011 | **Reference #:** | |
| **Vehicle Description:** | 2005 FORD Taurus-V6 Sedan 4D SEL | **VIN:** | 1FAFP56S55A204098 |
| **MSRP:** | $22,395 | **Weight:** | 0 |
| **Mileage:** | 87,500 | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $4,425 | $5,400 | $6,200 | $5,600 | $8,600 |
| **Optional Equipment** | | | | | |
| 3.0L Duratec V6 Engine | $275 | $275 | $275 | $275 | $325 |
| **Option Total** | $275 | $275 | $275 | $275 | $325 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $4,700 | $5,675 | $6,475 | $5,875 | $8,925 |

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of
NADA Used Car Guide, NADASC.

# STATE OF INDIANA

## CERTIFICATE OF TITLE FOR A VEHICLE




| MAKE | MODEL NAME | YEAR | VIN |
|---|---|---|---|
| FORD | TAURUS SEL | 2005 | 1FAFP56S55A204098 |

| TITLE TYPE | FORMER TITLE/STATE | PURCHASE DATE | BODY TYPE |
|---|---|---|---|
| NORMAL | 116V0310102   / MI | 09/24/07 | 4S |

|  |  | USAGE TAX PAID | ISSUE DATE |
|---|---|---|---|
|  |  | 0 | 10/25/07 |

MAILING ADDRESS
CITIZENS AUTO FINANCE
PO BOX 255587
SACRAMENTO    CA  958655587

ODOMETER/BRAND
026518
/ACTUAL

BRAND(S)

OWNER(S) NAME
JUDY L WORTHINGTON
3454 E SUNDEW DRIVE
ROLLING PRAIR    IN 46371

SECOND LIENHOLDER

ADDITIONAL OWNER(S)

LIEN RELEASED BY:
X_____

PRINTED NAME:          POSITION:
DATE: _____

FIRST LIENHOLDER
CITIZENS AUTO FINANCE
PO BOX 255587
SACRAMENTO    CA  958655587

THIRD LIENHOLDER

LIEN RELEASED BY:
X_____

LIEN RELEASED BY:
X_____

PRINTED NAME:       POSITION:
DATE: _____

PRINTED NAME:       POSITION:
DATE: _____

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle/watercraft has been duly titled and the owner of the described vehicle/watercraft is subject to the liens set forth.

## INDIANA BUREAU OF MOTOR VEHICLES
### Ronald L. Stiver, Commissioner

TITLE NUMBER
07379202008

E2723061

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**